NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES EDUARD DENDENG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70522

Agency No. A096-360-092

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

James Eduard Dendeng, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The agency denied Dendeng's asylum claim based on its finding that changed circumstances did not excuse his late-filed asylum application. In light of our intervening decision in *Fakhry v. Mukasey*, 524 F.3d 1057 (9th Cir. 2008), addressing the appropriate factors involved in assessing changed circumstances, we grant the petition for review with respect to Dendeng's asylum claim and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We lack jurisdiction to review Dendeng's contentions that there is a pattern or practice of persecution against Christians in Indonesia and that people with ties to the U.S. constitute a disfavored group because he failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Substantial evidence supports the agency's conclusion that the beating Dendeng suffered and the threats he received for preaching the Gospel did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.

08-70522

2003) (beating and repeated threats of harm or death were not "so severe as to compel a finding of past persecution"). However, substantial evidence does not support the agency's finding that Dendeng's fear of future harm is undercut due to the lack of harm to Dendeng's family in Indonesia because the record shows his family members are not similarly situated. *See id.* at 1184. In addition, the agency did not have the benefit of our intervening decisions in *Wakkary* and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, we remand for the BIA to assess Dendeng's withholding of removal claim under the disfavored group analysis in the first instance. *See Ventura*, 537 U.S. at 16-18.

Dendeng does not raise any challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**